## SARAH A. HALL vs. THE CITY OF NORWALK.

Third Judicial District, Bridgeport, October Term, 1894. ANDREWS, C. J.,
TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

Section 2679 of the General Statutes provides that any town having a bor-
ough within its limits shall pay to the borough a portion of the moneys
collected or appropriated by the town for the repairs of highways,
"and on making such payment" the borough, and not the town, shall
thereafter be liable for damages which may occur to any person by
reason of a defective highway in the borough.

In an action against the borough to recover damages for personal injuries
sustained by the plaintiff by reason of a defective borough highway, it
was *held* that the mere fact that at the date of the injury to the plain-
tiff the town had not actually paid over to the borough its proportion
of the highway moneys previously agreed upon for that particular year,
did not prevent the statute liability from attaching to the borough.

Section 2681 prescribes that the provisions of § 2679 shall not become effect-
ive in any town until they shall have been approved by it. *Held* that
in the absence of all other evidence the jury might properly find such
approval from evidence that the borough took charge of the repair of
the highways within its limits for several years and up to the time of
the injury complained of, and received from the town money which
was apparently paid over by the town, and received and expended by
the borough, pursuant to the provisions of § 2679.

[Argued October 30th—decided December 1st, 1894.]

ACTION to recover damages for personal injuries to the
plaintiff through the alleged negligence of the defendant;
brought to the Superior Court in Fairfield County and tried
to the jury before *Thayer, J.;* verdict and judgment for the
plaintiff for $1,500 and motion by defendant for a new trial
for a verdict against evidence. *New trial denied.*

The case is sufficiently stated in the opinion.

*Levi Warner* and *Edward M. Lockwood,* for the appellant
(defendant).

*John J. Walsh* and *James T. Hubbell,* for the appellee
(plaintiff).

TORRANCE, J.   This is an action to recover damages for personal injuries received by reason of a defective highway, in the month of January, 1892, within the then limits of the Borough of Norwalk.   Since that time, under a special charter passed in 1893 (Special Laws of 1893, p. 1000), the corporation formerly known as the Borough of Norwalk has become the corporation now known as the City of Norwalk. This suit was brought in December, 1893, against both the Borough of Norwalk, and the City of Norwalk, but subsequently the writ and complaint were amended in such a way as to make the suit one against the city alone.   By the express provisions of section one of the above charter the city is subjected " to all the duties, liabilities and obligations " resting upon the Borough of Norwalk at the time when the city charter took effect.

The jury rendered a verdict in favor of the plaintiff, and the defendant brings the case before this court by a motion for a new trial for a verdict against evidence, under the provisions of chapter 51 of the Public Acts of 1893.

Upon a careful examination of the evidence spread upon the record we are of the opinion that the verdict is not so manifestly against that evidence as to warrant this court in granting a new trial.

Ordinarily this is all that it is necessary to say in cases of this kind; but in the present case the defendant makes a certain claim in reference to one point in the case, which we deem it our duty to examine briefly and to decide.   That claim is, that as matter of law, upon the uncontradicted evidence in the case, the liability for the plaintiff's injury rests upon the town rather than the borough.   This claim is based upon the provisions of §§ 2679, 2680 and 2681 of the General Statutes.

Section 2679, after providing for the division of the moneys collected or appropriated by a town for highways, between it and any borough within its limits, proceeds as follows : " And on making such payment, such town shall not thereafter be liable to repair any highway in said borough, nor for any damages which may occur to any person or his property by

reason of any defective highway in said borough, which shall be liable therefor, as towns are now liable." Section 2680 provides in substance for the expenditure of the money so paid over to the borough under the direction of the warden and burgesses. Section 2681 provides as follows : " The two preceding sections shall not take effect in any town until they shall have been approved by it ; and a certified copy of the warning of the meeting, approving the same, and of the vote of approval, shall within ten days thereafter be filed with the Secretary of the State."

Upon these sections the defendant now makes two claims : first, that until the provisions of § 2681 are complied with, the duty of repairing the highways and the liability for injuries resulting from defective highways remains upon the town ; and second, that even after the provisions of § 2681 have been complied with, said duty and liability rests upon the town until such time as the money to be paid under § 2679 has been actually paid to the borough.

It does not appear that these claims were made or suggested in the court below, or that the attention of the court was called to them in any way, or that any suggestion was made that the town rather than the borough was the party liable. Now if it was necessary that the jury should find that the provisions of § 2681 had been complied with, and there was evidence from which they would be reasonably warranted in making such finding, it follows that the first point is not well taken. Was there such evidence ? It does not appear that there was any direct evidence upon this point; but it does appear that the borough took charge of the repair of the roads within its limits for the years 1890, 1891 and 1892; and it does appear that the town paid over, from year to year, to the borough money which was apparently paid over under and pursuant to the provisions of § 2679, and which was apparently received and expended by the borough under said section. From this evidence, and in the absence of all evidence and claim to the contrary, we think the jury were justified in finding, under the circumstances, that the pro-

visions of § 2681 had been complied with in this case. This disposes of the first claim.

Now as to the second claim, we think it must be conceded that the uncontradicted evidence in the case shows that the money due from the town to the borough for the year 1892, when the plaintiff was injured, was not paid over to the borough till 1893. In fact it clearly shows that money due for any current year was never paid over till the succeeding year. If we understand the second claim of the plaintiff, it is that the liability of the borough under the statute in question never attached for the year 1892, because the money for that year was not paid till 1893, and consequently during that year the town remained liable. In other words it is, that even though the town had in fact complied with the provisions of § 2681, and the borough had in fact taken exclusive charge of its highways for the years 1890, 1891 and 1892, and had in fact received its proportion of the highway money from the town for 1890 and 1891, and fully expected to receive it for 1892 at the usual time of payment; nevertheless the town remained liable during 1892 because the money had not been paid over at the beginning of the year. This claim is based upon these words of the statute: "And on making such payment, such town shall not thereafter be liable," etc. According to this claim, if the money for 1891 was paid on the first of January of that year, the liability for that entire year rested upon the borough and not upon the town; if the money for 1892 was not paid on the first of January of that year, then the town at once became liable and the liability of the borough ceased until such time in 1892 as the money was paid; if paid in December, 1892, the town would be liable for eleven months of that year and the borough for one, although it had received the full year's money.

We do not think this is a fair or reasonable construction to put upon this statute. We think it contemplates a more certain and permanent transfer of liability than this. It contemplates an arrangement by virtue of which the duty and liability of the town, with respect to borough highways,

shall be transferred to the borough, and shall rest and continue there, without reference to the time when the apportionment of the money shall be made, or the time when the money shall be actually paid over. To this end it provides that the town at a regularly warned town meeting shall "approve" of §§ 2679 and 2680; and it provides also for a public, certain and permanent memorial of this in the office of the secretary, as well as upon the records of the town. This done, all men may know with certainty that the liability has been transferred. This done, the town is liable to the borough for part of the highway money, and in consideration thereof is freed from liability on account of the highways of the borough. Whether the liability thus transferred from the town to the borough can thereafter be re-transferred to the town by anything which the town or the borough or both may do, we need not now, and do not, determine. It is enough to say that when the statute has been complied with on the part of the town, thereafter the town is freed from liability in respect to borough highways, without reference to the time when the money due to the borough shall be in fact paid. This disposes of the second claim made by the defendant.

There is another answer to both of these claims which seems to be conclusive; and that is that by the charter of the Borough of Norwalk, and without reference to the statute, the liability to the plaintiff in January, 1892, rested upon the borough and not upon the town. By § 31 of the charter (passed in 1869) the "sole and exclusive authority," to "repair" and "maintain" the highways in the borough is given to the court of burgesses, "any general statute of this State to the contrary notwithstanding." By § 32 provision is made for apportioning the highway money of the town between the town and the borough, and then the section proceeds as follows: "The sum thus apportioned shall be paid into the treasury of said borough, and said town shall not be liable to repair any highways within the limits of said borough."

We think these sections imposed upon the borough the

duty of repairing and maintaining its highways, and in express terms absolutely relieved the town from the duty of repairing them. It is true they do not in express terms relieve the town from liability for defective highways within the borough; nor do they in express terms impose such a liability upon the borough; but we think the clear implication is that the liability as well as the duty is to be transferred to the borough; especially is this clear when we read those sections in the light of the practical construction put upon them for many years by both the borough and the town; and this is a circumstance worthy of great consideration in a case like this. *Mead* v. *Town of Derby*, 40 Conn., 205.

Moreover § 2666 of the General Statutes exempts towns from the duty of repairing highways within their limits, where such duty belonged to some other person; and § 2673 imposes the liability arising from the neglect of such duty upon the party bound to perform the duty. If then the charter of the borough imposed the duty upon the borough to repair the highways within its limits, as we think it did, it follows that the town was relieved of that duty, and the liability arising from the neglect to perform it rested upon the borough, by express provisions of the statute.

The charter of the borough was put in evidence on the trial below, and from its provisions either alone, or in connection with §§ 2666 and 2673, we think the jury, upon the evidence, were clearly warranted in finding that the liability to the plaintiff rested upon the borough rather than upon the town.

Whether, then, the liability of the borough depends upon the provisions of the charter, either alone, or coupled with §§ 2666 and 2673 of the General Statutes, or upon compliance with the provisions of §§ 2679, 2680 and 2681, we think there was evidence to justify the jury in its finding upon this point.

We think the second claim of the defendant, which we have considered at length, is properly one of law, which, in fairness to all concerned, should have been made and decided

in the court below; and which, if this had been done, ought
to have been brought before this court in a proceeding by
way of appeal.   As, however, no objection to the considera-
tion of it was taken before us, we have thought best to con-
sider and dispose of it.

A new trial is denied.

In this opinion the other judges concurred.